Michele R. Stafford, Esq. (SBN 172509)
Allan D. Shuldiner, Esq. (SBN 252259)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: ashuldiner@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; DAN REDING and JAMES E. MURRAY, Trustees; | Case No. |
| | **COMPLAINT** |
| PENSION TRUST FUND FOR OPERATING ENGINEERS; DAN REDING and JAMES E. MURRAY, Trustees; | |
| PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; | |
| OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; DAN REDING and JAMES E. MURRAY, Trustees; | |
| OPERATING ENGINEERS LOCAL UNION NO. 3 VACATION, HOLIDAY AND SICK PAY TRUST FUND; DAN REDING and JAMES E. MURRAY; | |
| OPERATING ENGINEERS LOCAL 3 HEAVY AND HIGHWAY TRUST FUND, | |
| Plaintiffs, | |
| v. | |
| REGE CONSTRUCTION, INC., a California Corporation; WILLIAM EUGENE REGE, an individual; | |
| Defendants. | |

1

Parties

1.      The Operating Engineers' Health and Welfare Trust Fund for Northern California ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers,  and the Operating Engineers Annuity Plan) ("Pension Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund, Pension Fund, Pensioned Health Fund, Affirmative Action Training Fund, and Vacation Fund, and have authority to act on behalf of all Trustees of those Funds. The Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2.      The Operating Engineers Local 3 Heavy and Highway Trust is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3.      Rege Construction, Inc., a California corporation, and William Eugene Rege, in individual (collectively, "Defendants") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. § 152(2).

Jurisdiction

3.      Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4.      Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that ERISA Plaintiffs seek to enforce the terms and conditions of a valid collective bargaining agreement between Defendants and the Union.

5.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA,

2

**COMPLAINT**
**Case No.**

1  supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they

2  arise out of a common nucleus of operative facts that form the basis of the federal claims asserted

3  herein, each of which has a substantial ground in federal jurisdiction.

4  Venue

5      6.    Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action

6  is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs'

7  discretion, in the district where the plan is administered, where the breach took place, or where a

8  defendant resides or may be found, and process may be served in any other district where a defendant

9  resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal

10  place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this

11  Court.

12      7.    Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. §

13  185, as this Court has jurisdiction over the parties, as the Operating Engineers Local Union No. 3 of the

14  International Union of Operating Engineers, AFL-CIO ("Union") maintains its principal place of

15  business in this district, its duly authorized officers or agents are engaged in representing employee

16  members in this district, and the claims arise in this district.

17  Intradistrict Assignment

18      8.    The basis for assignment of this action to this Court's Oakland Division is that all of the

19  events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA

20  Plaintiffs' Funds and the Bargained Entities are administered, and where Defendants therefore failed to

21  fulfill its statutory and contractual obligations to Plaintiffs.

22  Bargaining Agreements

23      9.    Defendant William Eugene Rege ("William Rege"), on behalf of Defendant Rege

24  Construction ("Rege Construction") entered into the Independent Northern California Construction

25  Agreement (the "Independent Agreement") with the Union, which incorporates the Master Agreement

26  ("Master Agreement") between the Union and the Associated General Contractors of California, Inc.

27  Under the terms of the Independent Agreement, Defendant William Rege personally guaranteed all

28  amounts claimed herein. Defendant William Rege, on behalf of Defendant Rege Construction, also

3

**COMPLAINT**
**Case No.**

entered into the Santa Rosa Private Work Agreement and the Addendum to the District 10 Private Work Agreement with the Union.  The Independent Agreement, Master Agreement, Santa Rosa Private Work Agreement and Addendum to the District 10 Private Work Agreement are collectively referred to hereinafter as the "Bargaining Agreements."  The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), require Defendants to provide employer contributions to Plaintiffs' Trust Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreements. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

10.     Under the terms of the Bargaining Agreements, and Trust Agreements incorporated therein, Defendants are required to pay certain contributions to the Operating Engineers Market Preservation Trust Fund; Construction Industry Force Account; Operating Engineers Industry Stabilization Fund; Heavy & Highway Trust Fund, Assistance & Recovery Program, Inc. and California Alliance for Jobs (together referred to herein as "Bargained Entities") and dues to the Union.  Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

11.     Under the Bargaining Agreement and Trust Agreements, which are incorporated into the Bargaining Agreement and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month in which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

12.     The Bargaining and Trust Agreements further require Defendants to maintain time

**COMPLAINT**
**Case No.**

records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendants as are necessary to determine whether Defendants have made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

<u>Factual Allegations</u>

13.    Defendants have failed to report and pay contributions for hours worked by their employees as follows: (1) during a portion of the month of June 2018 for work performed under the terms of the Santa Rosa Private Work Agreement; (2) during the month of September 2018 for work performed under the terms of the Santa Rosa Private Work Agreement and Addendum to District 10 Private Work Agreement; and (3) during the month of December 2019 on the Santa Rosa Private Work Agreement.

14.    Defendants have also failed to pay liquidated damages and interest for late-paid contributions for hours worked by its employees during the months of April 2016, August 2016, November 2016, January 2017, March 2017, May 2017 through September 2017, February 2018 through April 2018, June 2018 through October 2018, January 2019, April 2019 through August 2019, and November 2019 through January 2020 and liquidated damages for late-paid contributions for hours worked by its employees during the month of September 2016.

15.    Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due from Defendants.

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages,**
**Attorneys' Fees and Costs Against Defendants**

16.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

17.    Defendants have a contractual duty to timely pay the required contributions to Plaintiffs

**COMPLAINT**
**Case No.**

and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreement, and Trust Agreements incorporated therein to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

18.    In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

19.    By failing to make the required payments to Plaintiffs, Defendants breached the Bargaining Agreement and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20.    Defendants' failure and refusal to pay the required contributions, including the amounts found by audit, plus liquidated damages and interest thereon and on late-paid contributions, was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreement, and incorporated Trust Agreements by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

21.    ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining Agreement and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

22.    This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

23.    This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

**COMPLAINT**
**Case No.**

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendants as follows:

 (a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

  i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

  ii. To the Union in accordance with the Bargaining Agreement.

 (b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

 (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3. For an order,

 (a) requiring that Defendants comply with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

 (b) enjoining Defendants from violating the terms of those documents and of ERISA; and

 (c) enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendants' business until said terms have been complied with.

7

**COMPLAINT**
**Case No.**

1    4.    That the Court retain jurisdiction of this case pending compliance with its orders.

2    5.    For such other and further relief as the Court may deem just and proper.

3

4    DATED: March 27, 2020                    SALTZMAN & JOHNSON LAW CORPORATION

5

6                                By:    /S/Allan D. Shuldiner

7                                       Allan D. Shuldiner
                                         Attorneys for Operating Engineers' Health and
8                                       Welfare Trust Fund for Northern California, et al.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**
**Case No.**